County Hospital — City Aid — Bond Issue 1. An incorporated city or town in the State of Oklahoma may not contribute the proceeds from a city sales tax to the construction of a county hospital. 2. A city may not contribute any city funds to a county for the construction of a county hospital, but a city may join in a bond issue with a county for the purpose of constructing a jointly owned and operated hospital, as provided in 63 O.S. 1-719 [63-1-719] (1968). The Attorney General has had under consideration your request for an opinion, wherein you, in effect, ask: 1. May the City of Marietta, Oklahoma, legally contribute proceeds from a one cent city sales tax to the construction of a county hospital? 2. May the city contribute any other available city funds to the construction of a county hospital? Article X, Section 19
Oklahoma Constitution, states: "Every . . . ordinance . . . passed by any . . . city . . ., levying tax shall "Every . . . ordinance . . . passed by any . . . city . . ., levying a tax shall specify distinctly the purpose for which said tax is levied, and no tax levied and collected for one purpose shall ever be devoted to another purpose." O.S.L. 1965, ch. 430, Section 1 (68 O.S. 2701 [68-2701] (1968) provides in pertinent part: "Any incorporated city or town in this State is hereby authorized to assess, levy, and collect taxes for general and special purposes of municipal government. . . ." (Emphasis added) Section 68 O.S. 2701 [68-2701], supra, is the statute which authorized city sales tax. Title 19 O.S. 782 [19-782] (1961), provides that the construction of county hospitals is a function and duty of county government and the Board of County Commissioners. Thus, a city sales tax may only be used for general and special purposes of municipal government, and the construction of a county hospital is a duty and purpose of county government. The eleventh paragraph of the syllabus of Shaw v. Grumbine, 137 Okl. 95, 278 P. 311 (1929), held: "Public officers have only such authority as is conferred upon them by law, and such authority must be exercised in the manner prescribed by law." See also, Brown v. State Election Board, Okl., 369 P.2d 140 (1962). It is, therefore, the opinion of the Attorney General that your first question be answered in the negative, in that an incorporated city or town in the State of Oklahoma may not contribute the proceeds from a city sales tax to the construction of a county hospital. Although the authorities cited above are pertinent to your second question and would seem to require that it also be answered in the negative, O.S.L. 1965, ch. 36, Section 9 (63 O.S. 1-719 [63-1-719] (1968)), provides in pertinent part: "Any county, city or town is hereby authorized to issue bonds for constructing and equipping a hospital, . . . to be owned and operated by such county, city, or town . . .; provided, that such bonds may be issued to construct a jointly-owned and operated hospital . . ., by two or more counties, or by one or more counties and a city or cities, or by two or more cities." Thus, it is the opinion of the Attorney General that a city may not contribute any city funds to a county for the construction of a county hospital, but a city may join in a bond issue with a county for the purpose of constructing a jointly owned and operated hospital, as provided in 63 O.S. 1-719 [63-1-719] (1968). (Robert D. McDonald) ** SEE: OPINION NO. 71-108 (1971) **